UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEONET RICARDO GAMEZ SABOGAL,<br><br>                                    Petitioner,<br><br>v.<br><br>TODD BLANCHE, Acting Attorney General of the United States, Department of Justice; MARKWAYNE MULLIN, Secretary of Homeland Security; DAVID J. VENTURELLA, Senior Official Performing the Duties of the Director of U.S. Immigration and Customs Enforcement; PATRICK DIVVER, Field Office Director of the San Diego Immigration and Customs Enforcement Office; JORGE VELARDE, Assistant Field Office Director of the Immigration and Customs Enforcement, Otay Mesa Detention Center; CHRISTOPHER J. LAROSE; Senior Warden, Otay Mesa Detention Center,<br><br>                                    Respondents. | Case No.: 3:26-cv-3418-JES-BJW<br><br>**ORDER:**<br><br>**(1) STAYING REMOVAL OF PETITIONER TO PRESERVE JURISDICTION;**<br><br>**(2) REQUIRING A RESPONSE TO PETITION FOR WRIT OF HABEAS CORPUS; and**<br><br>**(3) SETTING BRIEFING SCHEDULE**<br><br>**[ECF No. 1]** |

1

Before the Court is Petitioner Leonet Ricardo Gamez Sabogal's Petition for Writ of Habeas Corpus, pursuant to 28 U.S.C. § 2241 ("Petition"). ECF No. 1.

Pursuant to the Petition's allegations, Respondents are **ORDERED TO SHOW CAUSE** as to why the Petition should not be granted by filing a Response no later than 5:00 p.m. on **June 11, 2026**. The Response shall include any documents relevant to the determination of the issues raised in the Petition and address whether an evidentiary hearing on the Petition is necessary. Petitioner may file an optional Traverse in support of the Petition, no later than 5:00 p.m. on **June 15, 2026**. No oral argument will be held unless otherwise ordered.

To preserve the Court's jurisdiction pending a ruling in this matter, Petitioner shall not be removed from this District unless and until the Court orders otherwise. *See Doe v. Bondi*, Case. No. 25-cv-805-BJC-JLB, 2025 WL 1870979 at *2 (S.D. Cal. June 11, 2025) ("Federal courts retain jurisdiction to preserve the status quo while determining whether it has subject matter jurisdiction over a case and while a petition is pending resolution from the court.") (citing cases); *A.M. v. LaRose et al.*, 25-cv-01412, ECF No. 2 (S.D. Cal. June 4, 2025) ("Pursuant to Petitioner's request for a Temporary restraining order, the Court hereby (1) RESTRAINS and ENJOINS Respondents, their agents, employees, successors, attorneys, and all persons in active concert and participation with them, from removing Petitioner A.M. from the United States or this District pending further order of this Court"); *see also A.A.R.P v. Trump*, 605 U.S. 91, 97 (2025) (Federal courts have "the power to issue injunctive relief to prevent irreparable harm to the applicant and to preserve [] jurisdiction over the matter."); *Nguyen v. Scott*, No. 2:25-CV-01398, 2025 WL 2097979, at *3 (W.D. Wash. July 25, 2025) (enjoining the Respondents from removing Petitioner without approval from the court).

//
//
//
//

**IT IS SO ORDERED.**

Dated: June 5, 2026

_____
Honorable James E. Simmons Jr.
United States District Judge

3