UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEONET RICARDO GAMEZ SABOGAL,<br><br>                                    Petitioner,<br><br>v.<br><br>TODD BLANCHE, Acting Attorney General of the United States, Department of Justice; MARKWAYNE MULLIN, Secretary of Homeland Security; DAVID J. VENTURELLA, Senior Official Performing the Duties of the Director of U.S. Immigration and Customs Enforcement; PATRICK DIVVER, Field Office Director of the San Diego Immigration and Customs Enforcement Office; JORGE VELARDE, Assistant Field Office Director of the Immigration and Customs Enforcement, Otay Mesa Detention Center; CHRISTOPHER J. LAROSE; Senior Warden, Otay Mesa Detention Center,<br><br>                                    Respondents. | Case No.: 3:26-cv-3418-JES-BJW<br><br>**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS PURSUANT TO 28 U.S.C. § 2241**<br><br>**[ECF No. 1]** |

//

//

1

Before the Court is Petitioner Leonet Ricardo Gamez Sabogal's ("Petitioner") Petition for Writ of Habeas Corpus ("Petition"). ECF No. 1, ("Pet."). Pursuant to the Court's Order to Show Cause, Respondents (the "Government") filed the Response, which expressed its non-opposition to the Court ordering Petitioner's bond hearing under 8 U.S.C. § 1226(a). ECF No. 2; ECF No. 4 at 2. The Court has taken the matter under submission and for the reasons set forth below, the Court **GRANTS** the Petition.

## I.   BACKGROUND

Petitioner is a 37-year-old Venezuelan national who entered the United States, without inspection or admission, on or about December 15, 2022, and has since been gainfully employed. Pet. ¶¶ 1–2, 18. On April 19, 2026, while driving in Miami, Florida, Petitioner was pulled over for a traffic violation by local law enforcement. *Id*. ¶ 19. Police searched his vehicle and found a marijuana vape pen; because Petitioner did not possess a medical license required to possess such an item under Florida law, he was arrested. *Id*. Petitioner paid his bail on April 21, 2026, but instead of being released, he was transferred to U.S. Immigration and Customs Enforcement custody. *Id*.

Petitioner was, thereafter, transferred through multiple Florida detention facilities before being brought to the Otay Mesa Detention Center in San Diego, California, where he remains in custody. *Id*. ¶ 20. The Government subsequently initiated removal proceedings against Petitioner, charging him as inadmissible under 8 U.S.C. § 1182(a)(6)(A)(i). *Id*. ¶ 21. Petitioner brings this action, alleging his detention violates the Immigration and Naturalization Act. *Id*. ¶¶ 26-27.

## II.   LEGAL STANDARD

A writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art. I, § 9, cl. 2). "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). A court may grant a writ of habeas corpus to a petitioner who demonstrates he is in custody in violation of the

Constitution or federal law. 28 U.S.C. § 2241(c)(3). Challenges to immigration-related detention are within the purview of a district court's habeas jurisdiction. *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001); *see also Demore v. Kim*, 538 U.S. 510, 517 (2003).

### III.   DISCUSSION

The Court finds that the Petition's issues—specifically, the Court's jurisdiction and which statute governs Petitioner's detention—are analogous to those raised in the Court's decision in *Martinez Lopez v. Noem, et al.*, No. 25-cv-2717-JES-AHG, 2025 WL 3030457, at *2–7 (S.D. Cal. Oct. 30, 2025). The Court, therefore, elects to follow the reasoning stated therein and incorporates it by reference. *Id.*

### A.   Jurisdiction

The Court finds that 8 U.S.C. § 1252's jurisdiction-stripping provisions do not bar it from considering this habeas petition. *Id.* Moreover, the prudential administrative exhaustion requirement for 28 U.S.C. § 2241 claims is excused. *Id.* Imposing that requirement would be futile given the BIA's precedential decision in *Matter of Yajure Hurtado*, which held that noncitizens who entered without inspection are subject to mandatory detention under 8 U.S.C. § 1225(b) regardless of where or when they were apprehended. 29 I&N Dec. 216, at *4–5. (BIA 2025). Accordingly, the Court finds that it has jurisdiction to hear the Petition.

### B.   Section 1226(a) Governs Petitioner's Detention

Although the Ninth Circuit stayed application of the *Maldonado Bautista* class certification to prospective members outside the Central District of California, this Court's rulings, when analyzing habeas cases with similar circumstances, have consistently been aligned with *Maldonado Bautista*'s holding. *See Maldonado Bautista v. U.S. Dep't of Homeland Sec.*, No. 26-1044 (9th Cir. Mar. 6, 2026); *see, e.g.*, *Velazquez-Beltran v. Noem*, No. 3:26-CV-959-JES-MSB, 2026 WL 524056, at *2–3 (S.D. Cal. Feb. 25, 2026) (holding that noncitizens that entered the country without inspection and were not immediately apprehended near the border are subject to immigration detention under 8 U.S.C. § 1226(a), not 8 U.S.C. § 1225(b); *Murillo-Ortiz v. LaRose*, No. 3:26-CV-1469-JES-BJW, 2026 WL

3:26-cv-3418-JES-BJW

800556, at *2 (S.D. Cal. Mar. 23, 2026) (holding same); *Jasbir v. Warden, Imperial Reg'l Adult Det. Facility*, No. 26-CV-579-JES-BJW, 2026 WL 353354, at *2 (S.D. Cal. Feb. 9, 2026) (holding same).

Here, Petitioner was not apprehended at or near the border. Pet. ¶ 1. He has resided in the United States and has been in Respondents' custody since April 21, 2026, well after entering the country in 2022. *Id.* ¶¶ 1, 9. These facts make clear that Petitioner "was not actively entering, attempting to enter or had recently entered, the country when apprehended." *Martinez Lopez*, 2025 WL 3030457, at *6. Accordingly, the Court finds that 8 U.S.C. § 1226(a), not 8 U.S.C. § 1225(b), governs Petitioner's detention.

### C.     Petitioner Is Entitled to a Bond Hearing

Noncitizens that are arrested and detained, pending a removal decision, may apply for release on bond or conditional parole. 8 U.S.C. §§ 1226(a)(2)(A)–(B). If the Government denies that request, the noncitizen may seek a bond hearing before an Immigration Judge. *See* 8 C.F.R. § 236.1(d)(1); *Johnson v. Guzman Chavez*, 594 U.S. 523, 527 (2021).

As the Court has found that 8 U.S.C. § 1226(a) applies to Petitioner's detention, and given the absence of any opposition from Respondents, Petitioner is entitled to, and shall receive, an individualized bond hearing under 8 U.S.C. § 1226(a). *See Aparicio Juan v. LaRose*, No. 3:26-cv-2099-JES-BJW (S.D. Cal. Apr. 15, 2026) (granting petition and ordering bond hearing under 8 U.S.C. § 1226(a) on materially identical facts); *see* ECF No. 4 at 2.

### IV.     CONCLUSION

Based on the foregoing:

(1)     The Court **ORDERS** the Government to provide the noncitizen with a bond determination hearing under 8 U.S.C. § 1226(a), within fourteen **(14) days** of this Order, unless the noncitizen requests a continuance;

(2)     At the bond hearing, the Government may not deny the noncitizen bond, solely on the basis that he is detained under 8 U.S.C. § 1225(b)(2);

(3)     The Government is **ORDERED** to **FILE** a Notice of Compliance within five (5) days of providing Petitioner with a bond redetermination hearing; and

(4)     The Clerk of Court is **DIRECTED** to **CLOSE** this suit.

**IT IS SO ORDERED.**

Dated: June 12, 2026

Honorable James E. Simmons Jr.
United States District Judge

3:26-cv-3418-JES-BJW